## Case No. 3,636.

### DAVIS v. GARLAND.

[1 Hayw. & H. 125.] [1]

Circuit Court, District of Columbia. Jan. 4, 1843. [2]

PLEADING AT LAW — INSUFFICIENT PLEA — AIDER BY VERDICT.

1. When a declaration sounds in tort and the plea is non-assumpsit, such a plea is bad on demurrer.

2. If not demurred to and the case goes to trial, the defect is not cured by verdict.

There were two counts in the declaration, both setting forth the same circumstances in a different manner, charging the defendant with a wrongful and injurious neglect and refusal to furnish a copy of certain laws to the plaintiff, as had been agreed upon by Franklin, the predecessor of the defendant. The plea of the defendant was non-assumpsit.

Henry M. Morfit, for plaintiff.

F. S. Key, for defendant.

The cause went to trial on the issue thus made up. Certain instructions were asked by the defendant's counsel, but refused by the court, and exceptions taken thereto. The verdict of the jury was, "that the said defendant did assume upon himself in manner and form, as the aforesaid plaintiff above against him, hath complained, and they assess the damages of the said plaintiff, sustained by reason of the non-performance of the promise and assumpsit aforesaid, to the sum of $1,900 current money."

The defendant, by his counsel, moved in arrest of judgment for the following reasons: Because there is no cause of action stated in the second count of plaintiff's declaration. Because there is a general verdict, and one count is bad.

Motion overruled and judgment entered upon the verdict.

This case was taken to the supreme court of the United States, on exceptions, where the judgment of the circuit court was ordered to be reversed and the cause remanded for further proceedings. See [Garland v. Davis] 4 How. [45 U. S.] 131.

NOTE. Mr. Justice Woodbury, in delivering the opinion of the court in 4 How. [45 U. S.] 143, said: "The declaration is an action on the case, sounding in tort. It sets out no contract except by way of inducement, made by Mr. Franklin, the predecessor in office of the defendant, and it then proceeds to make the gist of its complaint a wrongful and injurious neglect and refusal by the defendant to furnish a copy of certain laws to the plaintiff, as had been agreed by Franklin. We

---

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

[2] [Reversed in 4 How. (45 U. S.) 131.]

are required to take this view of the declaration, not only by the averments in it, but by both the present and past positions of the counsel for the plaintiff, that it was intended to be founded on a misfeasance. The plea, however, instead of being 'Not guilty,' as was proper in such case, is non assumpsit, and the plaintiff below, not demurring thereto, nor moving for judgment notwithstanding such a plea, joined issue upon it, and the verdict of the jury conforms to the plea and issue." And on page 147 he said: "In Patterson v. U. S., 2 Wheat. [15 U. S.] 224, Judge Washington lays down the whole law precisely as we view it in respect to a verdict varying materially from tue issue, and which principle applies equally well to a plea varying from the substance of the declaration."